IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAIME DURAN, | § | |
| | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | C.A. NO. 3:15-cv-00714-D |
| | § | |
| SENTINEL INSURANCE COMPANY, LTD., | § | |
| | § | |
|     *Defendant.* | § | |

## DEFENDANT'S FIRST AMENDED ANSWER

Defendant Sentinel Insurance Company, Ltd. ("Sentinel") files this its First Amended Answer to Plaintiff's Original Petition (hereinafter the "Complaint") filed by Plaintiff Jaime Duran. Defendant respectfully shows the Court as follows:

### FIRST DEFENSE

Plaintiff's claim of negligence fails to state a claim upon which relief may be granted. Texas law does not recognize a cause of action for general negligence against an insurer with regard to a first-party claim for insurance coverage.

### SECOND DEFENSE

Plaintiff's claims of waiver and estoppel fail to state a claim upon which relief may be granted. Waiver/estoppel cannot be used to create coverage where none exists under the terms of the insurance policy.

### THIRD DEFENSE

One or more of Plaintiff's claims for violations of the Texas Deceptive Trade Practices Act ("DTPA") fails to state a claim upon which relief may be granted. Such

claims include, but are not limited to, paragraph 31 subsections (a), (b), (c), (e), (f), and (g) of Plaintiff's Complaint, to wit:

a. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

b. Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

c. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

e. Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

f. Failure to property investigate Plaintiff's claim; and/or

g. Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Defendant in low-balling and/or denying Plaintiff's damage claim.

Claims (a), (b), and (c) pertain to consumer transactions for the purchase or lease of goods or services.  Plaintiff's suit complains of alleged underpayment of a claim for property damage under an existing policy.  As such, sections (a), (b), and (c) fail to state a claim on which relief can be granted.  Sections (e), (f), and (g) fail to state a claim on which relief can be granted in that they are not based on any enumerated provision of

the DTPA or Chapter 541 of the Insurance Code. *See* Tex. Bus. & Comm. Code § §17.46(d); 17.50(a)(1), (4).

## FOURTH DEFENSE

One or more of Plaintiff's claims for violations of the Texas Insurance Code fails to state a claim upon which relief may be granted. Such claims include, but are not limited to, paragraph 42(d) of Plaintiff's Complaint, to wit:

> Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

Such claim alleges breach of contract but is not actionable under the enumerated sections of the Insurance Code. *See* Tex. Ins. Code §§ 541.060; 542.057.

## FIFTH DEFENSE

Plaintiff's claims for alleged misrepresentation fail to state a claim upon which relief may be granted. Plaintiff's claims are based on the following: "Essentially, Defendant did not inform Plaintiff of certain exclusions in the policy." *See* Complaint at ¶ 59. Plaintiff's failure to read his policy does not state a claim for misrepresentation as a matter of law. *See Jenkins v. State & County Mut. Fire Ins. Co.*, 287 S.W.3d 891, 897-98 (Tex. App.—Fort Worth 2009, pet.) (in Texas insured has duty to read insurance policy and is charged with knowledge of its provisions); *Roland v. Transamerica Life Ins. Co.*, 570 F.Supp. 2d 871, 880 (N.D. Tex. 2008).

## SIXTH DEFENSE

One or more policy provisions excludes or limits coverage for Plaintiff's claims for additional amounts under the Policy. Specifically, Exclusion A(2)(c)(6)(a) excludes "[w]ear and tear, marring, deterioration. . . ." *See* Policy. To the extent Plaintiff seeks additional payment under the Policy for property damage caused by wear and tear, marring, and/or deterioration," the foregoing exclusion negates coverage for such damages.

### **SEVENTH DEFENSE**

In addition to the foregoing defenses, Defendant responds to the Complaint, paragraph by paragraph, as follows:

1. Paragraph one refers to Texas Rules of Civil Procedure governing discovery that are not applicable in federal court.

2. Defendant admits the Court has jurisdiction over it, admits the Court has jurisdiction over the cause, and admits venue is proper in this District and Division.

3. Defendant admits the truth of the matters stated in Paragraph three.

4. Defendant admits it is an insurance company registered to do business in Texas. Defendant has answered this suit.

5. Defendant admits this matter revolves largely around a first party insurance dispute regarding the residence at 2513 College Park Dr., Rowlett, TX 75088 (the "Property"). Defendant denies Plaintiff is entitled to any damages as Defendant conducted a timely and reasonable investigation of Plaintiff's claim for property damage and timely issued payment for covered property damage.

6. Defendant admits Plaintiff owns the Property.

7. Defendant admits Plaintiff purchased Policy 72RBA831128 from Defendant. Defendant admits the policy provides coverage for storm-related property damage, subject to the terms of the policy. Defendant admits the Property suffered some storm-related damage covered by the policy. Defendant timely issued payment for covered property damage.

8. Defendant admits the Property sustained damage due to a storm on October 2, 2014. Defendants deny the Property suffered "incredible" damage.

9. Defendant admits Plaintiff filed an insurance claim for the storm damage and admits the policy provides coverage for storm-related damages subject to the terms of the policy. Defendant denies the remaining allegations in Paragraph nine.

10. Defendant admits that the Policy was in force at the time of the October 2, 2014 storm.

11. Defendant denies the allegations asserted in Paragraph eleven.

12. Defendant denies the allegations asserted in Paragraph twelve.

13. Defendant admits it inspected the Property after Plaintiff filed his insurance claim. Defendant denies the remaining allegations asserted in Paragraph 13.

14. Defendant denies the allegations asserted in Paragraph 14.

15. Defendant denies the allegations asserted in Paragraph 15.

16. Defendant denies the allegations asserted in Paragraph 16.

17. Defendant denies the allegations asserted in Paragraph 17.

18. Defendant denies the allegations asserted in Paragraph 18.

19. Defendant denies the allegations asserted in Paragraph 19.

20. Defendant denies the allegations asserted in Paragraph 20.

21. Defendant denies the allegations asserted in Paragraph 21.

22. Defendant admits that it acted through its employees in the handling of Plaintiff's claim; Defendant neither admits nor denies the allegations stated in Paragraph 22 as they state a legal conclusion.

23. Defendant incorporates by reference its prior answers for purposes of Paragraph 23.

24. Defendant denies the allegations asserted in Paragraph 24.

25. Defendant denies the allegations asserted in Paragraph 25.

26. Defendant incorporates by reference its prior answers for purposes of Paragraph 26.

27. Defendant denies the allegations asserted in Paragraph 27.

28. Defendant denies the allegations asserted in Paragraph 28.

29. Defendant denies the allegations asserted in Paragraph 29.

30. Defendant incorporates by reference its prior answers for purposes of Paragraph 30.

31. Defendant denies the allegations asserted in Paragraph 31.

32. Defendant denies the allegations asserted in Paragraph 32.

33. Defendant denies the allegations asserted in Paragraph 33.

34. Defendant denies the allegations asserted in Paragraph 34.

35. Defendant denies the allegations asserted in Paragraph 35.

36. Defendant denies the allegations asserted in Paragraph 36.

37. Defendant denies the allegations asserted in Paragraph 37.

38. Defendant denies the allegations asserted in Paragraph 38.

39. Defendant denies the allegations asserted in Paragraph 39.

40. Defendant denies the allegations asserted in Paragraph 40.

41. Defendant incorporates by reference its prior answers for purposes of Paragraph 41.

42. Defendant denies the allegations asserted in Paragraph 42.

43. Defendant denies the allegations asserted in Paragraph 43.

44. Defendant denies the allegations asserted in Paragraph 44.

45. Defendant denies the allegations asserted in Paragraph 45.

46. Defendant denies the allegations asserted in Paragraph 46.

47. Defendant incorporates by reference its prior answers for purposes of Paragraph 47.

48. Defendant denies the allegations asserted in Paragraph 48.

49. Defendant denies the allegations asserted in Paragraph 49.

50. Defendant incorporates by reference its prior answers for purposes of Paragraph 50.

51. Defendant denies the allegations asserted in Paragraph 51.

52. Defendant denies the allegations asserted in Paragraph 52.

53. Defendant incorporates by reference its prior answers for purposes of Paragraph 53.

54. Defendant denies the allegations asserted in Paragraph 54.

55. Defendant denies the allegations asserted in Paragraph 55.

56. Defendant denies the allegations asserted in Paragraph 56.

57. Defendant denies the allegations asserted in Paragraph 57.

58. Defendant incorporates by reference its prior answers for purposes of Paragraph 58.

59. Defendant denies the allegations asserted in Paragraph 59.

60. Defendant incorporates by reference its prior answers for purposes of Paragraph 60.

61. Defendant denies the allegations asserted in Paragraph 61.

62. Defendant denies the allegations asserted in Paragraph 62.

63. Defendant denies the allegations asserted in Paragraph 63.

64. Defendant denies the allegations asserted in Paragraph 64.

65. Defendant denies the allegations asserted in Paragraph 65.

66. Defendant denies the allegations asserted in Paragraph 66.

67. Defendant incorporates by reference its prior answers for purposes of Paragraph 67.

68. Defendant denies the allegations asserted in Paragraph 68.

69. Defendant denies the allegations asserted in Paragraph 69.

70. Defendant is not required to admit or deny Paragraph 70 which deals with matters of state procedure.

71. Defendant denies Plaintiff is entitled to additional damages as asserted in Paragraph 71.

72. Defendant denies Plaintiff is entitled to attorneys' fees as asserted in Paragraph 72.

73. Defendant admits Plaintiff has requested a trial by jury.

74. Defendant is not required to respond to Paragraphs 74-76 concerning Texas state rules of civil procedure which are not applicable to federal court.

## PRAYER

For these reasons, Defendant Sentinel Insurance Company, Ltd. prays that Plaintiff, Jaime Duran, take nothing by his suit and that Defendant recover its costs together with such other and further relief to which it may be justly entitled.

Respectfully submitted,

/s/ *Laura J. Grabouski*
Laura Grabouski
Texas State Bar No: 24031595
Brittan L. Buchanan
Texas State Bar No: 03285680
**BUCHANAN DIMASI DANCY & GRABOUSKI LLP**
9600 Great Hills Trail, Suite 300 West
Austin, Texas 78759
Telephone:   512.225.2800
Facsimile:   512.225.2801
lgrabouski@bddglaw.com
bbuchanan@bddglaw.com
**ATTORNEYS FOR DEFENDANT
SENTINEL INSURANCE COMPANY, LTD.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2015, a true and complete copy of the above and foregoing instrument was served via the Court's EC/CMF system to Plaintiff's counsel of record, Bill L. Voss, Scott G. Hunziker, Chris Schleiffer, The Voss Law Center, 26619 Interstate 45 South, The Woodlands, TX 77380.

/s/ *Laura J. Grabouski*
Laura J. Grabouski